Geraldine SISCO and Helen Pena, Appellants,

v.

Jackie HEREFORD, et vir, et al., Appellee.

No. 04–83–00185–CV.

Court of Appeals of Texas, San Antonio.

Nov. 21, 1984.
Rehearing Denied July 9, 1985.

Oscar M. Laurel, Jr., Richard G. Morales, Sr., Laredo, for appellants.

Bill Blackburn, Corpus Christi, James K. Jones, Jr., Laredo, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a declaratory judgment granting an easement across appellant's land. The judgment was based on the jury's answers to special issues.

Appellees filed suit for declaratory judgment as to the existence of an implied easement across two tracts of land in Zapata County, known as the Varal Pasture and La Copa Pasture. There was a prior judicial adjudication establishing an implied easement of ingress and egress across the Varal Pasture granted to appellees' predecessors in title. *Zapata County v. Llanos*, 239 S.W.2d 699 (Tex.Civ.App.—San Antonio 1951, writ ref'd n.r.e.). It was appellees' contention that they were also entitled to an implied easement across the La Copa Pasture. The facts indicate that the easement had not been used since the early 1960's; that the roadway had deteriorated and was difficult to use. Chevron Oil Company constructed a roadway across appellants' land which substantially followed the old easement. Appellees had no legal right to use the Chevron road but argued that the old easement should be relocated to the Chevron road because it was a more practical, convenient and reasonable location. Appellants' version of the facts alleged that appellees and their predecessors in title abandoned all rights to the old easement and that the use of an easement across appellants' property was not necessary for the reasonable enjoyment of appellees' property. It was further contended that appellees had an easement by estoppel and an implied easement of ingress and egress on the Mangana-Hein Road, an adjacent roadway.

The first assignment of error concerns an assertion of error in the denial of the motion for new trial because of an alleged irreconcilable conflict in the jury's answers to special issues 13 and 15 and that as a result thereof there was no finding on the material issue of the location of the easement. Specifically the special issues in question recite in pertinent part as follows:

SPECIAL ISSUE NO. 13

Do you find from a preponderance of the evidence that the location of such easement, if any, was as drawn by Oscar Hein on Plaintiff's exhibit 16?

Answer "We do" or "We do not"

Answer: We do (All)

If you have answered "We do not" to Special Issue No. 13, then, answer Special Issue No. 14; otherwise, do not answer Special Issue No. 14.

SPECIAL ISSUE NO. 14

Do you find from a preponderance of the evidence that the location of such easement, if any, was as drawn by Oscar Hein on Parties' Exhibit 1–G?

Answer "We do" or "We do not"

Answer: _____

SPECIAL ISSUE NO. 15

Do you find from a preponderance of the evidence that the old easement, if any, touched or passed through Share 2?

Answer "We do" or "We do not"

Answer: <u>We do (All)</u>

If you have answered Special Issue No. 15, "We do not", then, answer Special Issue No. 16; otherwise, do not answer Special Issue No. 16.

SPECIAL ISSUE NO. 16

Do you find from a preponderance of the evidence that it is necessary or convenient for the Herefords to have an easement extending from the old easement, if any, to Share 2?

Answer "We do" or "We do not"

Answer: _____

\* \* \* \* \* \*

Consequently since the jury's answer to Special Issues 13 and 15 was "we do," they did not answer Special Issues 14 and 16. Exhibit 16 referred to in Special Issue No. 13 was a map of the land in question where the witness Hein drew the location of the old roadway across the Varal Pasture. This court declared an implied easement through this tract in *Zapata County v. Llanos, supra* at 702. Thus the jury finding established the location of the easement as indicated in Exhibit 16. The jury further found that the old easement touched or passed through share 2 (Varal Pasture owned by appellee Hereford). The conflict concerns exhibit 16 which shows that the old roadway does not touch or pass through share 2 of the Varal Pasture.

■ Appellants do not challenge the sufficiency of the pleadings or evidence in support of the submission of the special issues in question, but, limit the inquiry to the question of an irreconcilable conflict. Generally, the controlling question is whether the conflicting issues may be reconciled. In reviewing the jury's findings for conflict, the threshold question is whether the findings are about the same material fact. *Pearson v. Doherty*, 143 Tex. 64, 183 S.W.2d 453, 455 (1944). The

court must reconcile apparent conflicts in the jury's findings if reasonably possible in light of the pleadings, evidence, the manner of submission and the other findings considered as a whole. *Ford v. Carpenter*, 147 Tex. 447, 216 S.W.2d 558, 562 (1949). The determination of conflict will be based on the wording of the issues, the structure of the charge and the evidence. If two issues *which do not expressly refer to the same material fact* are answered in an apparent conflicting manner, our courts have generally interpreted the answers as referring to *different material facts*, if reasonably possible under the wording of the issues, the structure of the charge, and the evidence. *Bender v. Southern Pacific Transportation Co.*, 600 S.W.2d 257, 262 (Tex.1980) (emphasis added).

■ In the case at bar the two conflicting findings are with respect to the same material fact, *i.e.*, the location of the easement and both cannot be true. If we accept finding No. 13, standing alone, we would rule in favor of appellees because the location of the easement has been defined. Conversely, if we accept finding No. 15, standing alone, we would render judgment for appellants because the jury in effect found the easement did not touch or pass through appellants' land. The record reflects that the location of the easement became a material fact question at the special instance and request of appellees. Their requested Special Issue No. 3, "... Do you find from a preponderance of the evidence that the location of such easement, if any, was as drawn by Oscar Hein on plaintiffs' exhibit 16," was granted and submitted to the jury as Special Issue No. 13. Their requested Special Issue No. 9, "... Do you find from a preponderance of the evidence that the old easement, if any, touched or passed through Share No. 2?" was granted and submitted to the jury as Special Issue No. 15. Hence, appellees' contention that they submitted the issues as an abundance of caution and that the location of the easement is undisputed, is without merit. Therefore, in accordance with the test for the determination of this

question prescribed in *Pearson v. Doherty, supra* at 455, we conclude that the two findings are in fatal conflict and irreconcilable. *See also Del Bosque v. Heitmann Bering-Cortes Co.,* 474 S.W.2d 450, 452 (Tex.1971). Point of error one is sustained.

Points of error two and three are interrelated and will be reviewed jointly. Appellants complain that the relocation of the easement to the Chevron road was error because: (1) the jury found in special issue 19 that restoration of the old easement would furnish appellees with means of ingress and egress, and (2) because the location of the easement, once established, could only be changed by consent of the parties. The trial court reserved for its determination, questions on the justice, reasonableness and fairness of allowing appellees ingress and egress by relocating the old easement to the new Chevron road. The judgment included a specific finding by the court, "that restoring the old easement would be unreasonable in view of the circumstances that the Chevron road is available as an existing relocation of the old easement."

The burden of proving an easement is on the party claiming the right of way. *Bains v. Parker,* 143 Tex. 57, 182 S.W.2d 397, 399 (1944). To prove an implied easement, the petitioner must show three essential requirements: (1) there must be an apparent use in existence at the time of the grant *i.e.,* a roadway into or out of the area; (2) the use must be continuous, and (3) the use must be necessary to the use of the dominant estate. *Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196, 207–8 (Tex.1962). It is well established that an easement in use for a long period of time can be changed only with the consent of all the parties concerned, or by the judgment of a court in a suit in equity in which it is established that justice and fairness require that the roadway be changed. *See Grobe v. Ottmers,* 224 S.W.2d 487, 489 (Tex.Civ.App.—San Antonio 1949, writ ref'd n.r.e.).

Appellants' specific contention on this question alleges that the jury finding in Special Issue No. 19, "that restoration of the old easement would furnish appellees with adequate means of ingress and egress to their property," constituted an adequate remedy at law. It has long been established that the inadequacies of the remedy at law is both the foundation of and conversely a limitation on equity jurisdiction. *Burford v. Sun Oil Co.,* 186 S.W.2d 306, 314 (Tex.Civ.App.—Austin 1944, writ ref'd w.o.m.).

Appellees do not dispute that restoration of the old easement would provide them with adequate means of ingress and egress but contend that restoration would be expensive and relocation to the Chevron road would be more practical, convenient and reasonable. The record shows non-use of the easement for approximately 18 years. The roadway had deteriorated and was not visible. The dominant owner has the duty to maintain, improve or repair the easement at no expense to the servient owner. *Cozby v. Armstrong,* 205 S.W.2d 403, 408 (Tex.Civ.App.—Fort Worth 1947, writ ref'd n.r.e.); *See* Annot., 20 ALR 3d 1026 (1968). The analogous reference is *Exxon Corp. v. Schutzmaier,* 537 S.W.2d 282 (Tex.Civ.App.—Beaumont 1976, no writ), where the owner of an easement wanted the use of another roadway in the servient estate as a means of ingress and egress. There, the court declared that a party who obtains an easement is not entitled to use *all means of access to his property* by way of the servient estate, citing *Parshall v. Crabtree,* 516 S.W.2d 216, 219 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.). 537 S.W.2d at 287. In *Exxon Corp. v. Schutzmaier, supra* at 287, the appellate court found no evidence in the record that the use of the other road was reasonably necessary, stating:

Such use is nothing more than merely convenient. There was no showing that a restoration of the eastern leg of Loop Road would not furnish them with adequate means of ingress and egress. This is all that is required under the law of this State. ...

In the instant case, the jury's finding that restoration of the old easement would provide appellees with adequate means of ingress and egress was supported by the evidence. Appellees argue that this finding cannot be interpreted as an adequate remedy at law because appellants were also contesting the use of the old easement and hence there was no legal remedy as an alternative. We, however, find from the record that appellees' right to use the old easement was not disputed and the central issue was the relocation of the easement. Appellees had a complete, practical and adequate remedy at law and equitable relief was not proper. *Lee v. Bowles,* 397 S.W.2d 923, 926 (Tex.Civ.App.—San Antonio 1965, no writ); *See also* 22 TEX.JUR.2d *Equity* §§ 16–18. Thus we conclude that the established easement could only be relocated with the consent of the parties. *See Meredith v. Eddy,* 616 S.W.2d 235, 240–41 (Tex. Civ.App.—Houston [1st Dist.] 1981, no writ). Points of error two and three are sustained.

Appellant next complains, through point of error four, that the trial court erroneously ruled that they could not confer with co-defendant Chevron U.S.A. while making peremptory challenges. The trial court, prior to the exercise of the peremptory challenge by the parties, found that antagonism existed between appellants and co-defendant Chevron, granting five strikes to Chevron and five separate strikes to appellants. Appellees were given a total of six strikes. The question of the propriety or the number and allocation of the peremptory challenges is not before us. This issue is restricted to our determination of whether the trial court has the discretionary power to deny collaboration amongst multi-party defendants in exercising their peremptory challenges.

 Each party to a civil suit shall be entitled to six peremptory challenges in cases tried in the district court. TEX.R. CIV.P. 233. A "party" has been interpreted to mean a litigant or group of litigants on the same side which do not have antagonistic interests. *See Shell Chemical Co. v.*

*Lamb,* 493 S.W.2d 742, 744 (Tex.1973). The court must, after proper alignment of the parties, equalize the number of peremptory challenges provided by TEX.R.CIV.P. 233, "in accordance with the ends of justice so that no party is given an unequal advantage because of the number of peremptory challenges allowed that party." TEX.REV. CIV.STAT.ANN. art. 2151a (Vernon Supp. 1982–1983). The only time the question of allocating strikes is involved is when any of the litigants on the same side are antagonistic on a question that will be submitted to the jury. Antagonism exists if these parties have different positions concerning an issue. *Patterson Dental Co. v. Dunn,* 592 S.W.2d 914, 918 (Tex.1979); art. 2151a, *supra.* In the instant case, appellant argues, that antagonism having been found to exist between the co-defendants, they should have been allowed to collaborate in the exercise of their peremptory challenges. In the remand of this cause we are confronted with the reality that Chevron has either conceded or abandoned its cause of action. Chevron is not a party to this appeal.

 The established rule in this State provides that parties to a multi-party lawsuit are entitled to confer with each other in the exercise of peremptory challenges. *Parker v. Traders & General Insurance Co.,* 366 S.W.2d 107, 110 (Tex.Civ. App.—Eastland 1963), *modified on other grounds,* 375 S.W.2d 714 (Tex.1964). This rule was not changed by article 2151a, *supra. King v. Maldonado,* 552 S.W.2d 940, 944 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Generally, the challenge to prospective jurors not based on statutory grounds are addressed to the sound discretion of the trial court whose ruling should not be disturbed on appeal unless it clearly appears that a fair and impartial trial was denied. *Bennett v. Jackson,* 172 S.W.2d 395, 400 (Tex.Civ.App.—Waco 1943, writ ref'd). The federal courts treat multi-defendants as a single party in this regard and peremptory challenge can be exercised separately or jointly. 1 DEVITT & BLACKMAR, FEDERAL JURY PRAC-

TICE AND INSTRUCTION § 3.03 (1977). Thus, the question of whether the multi-defendants were to be permitted or denied collaboration in the exercise of their peremptory challenges was addressed to the discretion of the trial judge and subject to review only for abuse of that discretion.

 TEX.R.CIV.P. 503 provides that no judgment shall be reversed and a new trial ordered for an error of law committed by the trial court in the course of the trial unless the appellate court is of the opinion that the error was reasonably calculated to and probably did cause the rendition of an improper judgment. *See also Tamburello v. Welch*, 392 S.W.2d 114, 117 (Tex.1965). The burden of appellant to establish reversible error under Rule 503, *supra*, will usually be met by showing that the trial was materially unfair. *Lorusso v. Members Mutual Insurance Co.*, 603 S.W.2d 818, 820–21 (Tex.1980). Normally, the question whether the trial was materially unfair in either the determination of antagonism or the equalization of strikes requires that the entire record, including the statement of facts be examined by the appellate court. *Retail Credit Company v. Hyman*, 316 S.W.2d 769, 772 (Tex.Civ.App. —Houston 1958, writ ref'd). The same standard of review is applicable in our determination of whether the trial court abused its discretion in disallowing the collaboration of the co-defendants in the exercise of their peremptory challenges.

 The record does not reflect that the trial was materially unfair. Appellant did not show that he was compelled to accept an objectionable juror or that the jurors were disqualified, prejudiced and unfair. Therefore, since there is no complaint concerning disparity in the allocation of peremptory challenges, we conclude, after reviewing the whole record, that the error, if any, was not calculated to and probably did not cause the rendition of an improper judgment. Point of error four is overruled.

Appellant's last complaint alleges that Special Issues 11 and 12, require the jury to make findings on a law question and that the trial court's submission of these issues, over objection, constituted reversible error. The Special Issues in question were requested by appellees and recite as follows:

### SPECIAL ISSUE NO. 11

Do you find from a preponderance of the evidence that at the time of 1928 partition there was a continuous, apparent, permanent and necessary easement across the Varal and La Copa Pastures?

\* \* \* \* \* \*

### SPECIAL ISSUE NO. 12

Do you find from a preponderance of the evidence that at the time of the 1929 partition there was a continuous, apparent, permanent and necessary easement across the Varal and La Copa Pastures?

\* \* \* \* \* \*

Appellant further complains that the trial court did not give definitions or explanatory instructions on these issues.

 The submission of a law question to a jury is harmless unless there is a showing of extraneous prejudice. *City of Houston v. Howe & Wise*, 323 S.W.2d 134, 142 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.); TEX.R.CIV.P. 434. Appellant did not submit to the trial court requested definitions and instructions on these issues, and therefore waived error. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 538 n. 4 (Tex.1981); *Adam v. Harris*, 564 S.W.2d 152, 155 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). It is our opinion that any possible error in the submission of Special Issues 11 and 12 was harmless. Points of error five and six are overruled.

Appellees present three cross-points on the related issues of attorney's fees and assessment of costs alleging reversible error as follows: (1) That the trial court erred by refusing to allow evidence before the jury on the question of cross-appellees attorney's fees; (2) that the trial court abused its discretion by refusing to award reasonable attorney's fees to cross-appellee and (3) that the trial court abused its dis-

cretion in assessing part of the court costs against cross-appellants.

■ This court has consistently held that the award of attorney's fees is a matter within the discretion of the trial court. *Branaum v. Patrick*, 643 S.W.2d 745, 751 (Tex.App.—San Antonio 1982, no writ). In *Hill v. Robinson*, 592 S.W.2d 376 (Tex.Civ. App.—Tyler 1979, writ ref'd n.r.e.), the court considered the requirements of TEX. R.CIV.P. 131, but stated: "While the costs might have been apportioned otherwise, the assessment of costs is within the discretion of the trial court." *Id.* at 385. In the instant case, the judgment provided that all the parties shall bear the expense of their own respective attorney's fees and that all parties each pay a ⅕ share of the court costs. Considering the issues and the results in this case, we cannot perceive how the trial court could have abused its discretion.

TEX.REV.CIV.STAT.ANN. article 2524-1 (Vernon Supp.1982–1983), the Declaratory Judgment Act, was amended with Section 10, effective May 25, 1981, which section provides in pertinent part, viz:

> In any proceeding under the Act the court may make such award of costs and reasonable and necessary attorney's fees as may seem equitable and just.

■ Cross-appellant specifically argues that the issue of attorney's fees constituted a fact question which should have been submitted to the jury. But, the record reflects that cross-appellant has not cited any authority in support of his contentions that the issue of attorney's fees is a fact question for the jury or on cross-point two alleging abuse of discretion in refusing to charge cross-appellee with attorney's fees. We, therefore hold that cross-points one and two are waived. *Highlands Insurance Co. v. Baugh*, 605 S.W.2d 314, 318 (Tex.Civ.App.—Eastland 1980, no writ); *Estate of Blardone v. McConnico*, 604 S.W.2d 278, 283 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); *See* TEX.R. CIV.P. 418(e). All cross-points are overruled.

The judgment is reversed and the cause remanded.