**John HELLER, Appellant,**

**v.**

**ARMSTRONG WORLD INDUSTRIES, INC., Appellee.**

**No. 05–85–00689–CV.**

Court of Appeals of Texas, Dallas.

March 3, 1986.

Rehearing Denied April 1, 1986.

Michael K. Russell, Plano, for appellant.

Gary D. Elliston, Kevin J. Cook, Dallas, for appellee.

Before VANCE, DEVANY and SCALES, JJ.

DEVANY, Justice.

John Heller, appellant, brought suit for damages under the Deceptive Trade Practices—Consumer Protection Act (DTPA) against Armstrong World Industries, Inc., appellee, for the harmful effects of ingredients in ceiling tile in Heller's home. TEX. BUS. & COM.CODE ANN. §§ 17.41–17.63 (Vernon Supp.1986). Upon trial before the jury, Heller was denied any relief. Armstrong recovered attorneys' fees under its cross-claim pursuant to section 17.50(c) of the DTPA, which provides that where a claim is found to be "groundless and brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees."

Heller presents nine points of error attacking the recovery of attorneys' fees by Armstrong. In his first six points of error, he contends that there was no evidence or insufficient evidence, or that the findings by the jury were against the great weight and preponderance of the evidence that he brought his action in bad faith or that it was groundless. In his seventh point, he contends that the question of whether his claim was "groundless" is a matter of law and should not have been submitted to the jury. In point of error number eight, Heller contends there is no basis in the evidence or findings for the court to make a conclusion of law that his claim is groundless. In his last point of error, number nine, he contends that Armstrong waived its counterclaim for attorneys' fees by failing to introduce evidence that his DTPA claim was groundless and in bad faith. Finding no merit to any of Heller's points of error, we affirm the judgment of the trial court.

In reviewing a no evidence point, this court must consider only the evidence and the inferences thereon tending to support the finding in question and disregard all evidence to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). In considering factual insufficiency, the appellate court must weigh all of the evidence and set the judgment aside for a new trial if the verdict rendered is so against the great weight and preponderance of the evidence so as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (Tex.1951). The testimony in the record in this case consists of seven volumes. It traces the medical history of Heller from a point some years before the subject ceiling tile was installed to a point after Heller had lived in the house for some time. The ceiling tile was first installed in the Heller house in the latter part of June 1981. Heller claimed the tile contained a substance named "formaldehyde," which emitted particles in the atmosphere of the house causing him to suffer serious sinus irritations, swelling around the eyes, and numerous other facial medical problems. Medical evidence contained in the record reveals that Heller has suffered from allergies and sinus disease most of his life. Medical records indicate that chronic sinus disease and allergies were recorded by his doctors as early as 1973. He was diagnosed as being allergic to dust, molds, pollen, and weeds. In 1979, he was diagnosed as having a nasoseptal deformity and thickening of the sinuses. He went to a variety of physicians for these problems. The record discloses that he visited these doctors numerous times.

Immediately after the installation of the tile in June 1981, Heller testified that his face swelled, he suffered headaches, loss of hair, eye irritation, and sinus drainage for the latter part of 1981 and early 1982 and that he was in bed as a result of these symptoms for a number of days. However, none of these symptoms show up in Heller's treating physicians' medical records, although there is a record of ear infections resulting from allergies. Another record shows that Heller was tested for allergy to formaldehyde, but the result was negative. The testimony reveals that the symptoms that Heller says he suffered were not reported to his treating doctors in 1981, 1982, and 1983.

Further testimony reveals a questionnaire filled out by Heller for a Dr. Fowler in April 1982, concerning nasal allergies for the past year. Heller's responses on that questionnaire indicated that he was not suffering from cough, ear pain, eye irritation, and skin itching. His answers report no swelling and no frequent headaches. The answers indicate that Heller was able to take part in outdoor sports. In fact, the entire set of questionnaire-responses could reasonably be interpreted by a jury to contradict Heller's testimony about the symptoms he suffered as a result of the emissions from the ceiling tile. We overrule Heller's first six points of error.

Heller's seventh point of error concerns special issue number 26 in the court's charge which asked: "Do you find from a preponderance of the evidence that Plaintiff's claims inquired about in Special Issue Nos. 6, 8, 10, or 12 against ARMSTRONG were groundless and brought in bad faith?" The jury answered, "We do."

Heller argues that the word "groundless" presents a question of law which should be answered by the court. We note first that submission of a question of law to a jury is harmless unless there is a showing of extraneous prejudice. *Sisco v. Hereford*, 694 S.W.2d 3, 9 (Tex.App.—San Antonio 1984, no writ); *Lede v. Aycock*, 630 S.W.2d 669, 674 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd. n.r. e.). Very often an issue which is submitted to a jury becomes a question of law because there is present within the question a legal term that is undefined within the charge. The charge in this case does not define the term "groundless." However, we do not find in the record a request that the term be defined or an objection to the question being submitted to the jury. When a party does not submit to the trial court requested definitions and instructions on law questions to a jury, he waives any error. *Sisco*, 694 S.W.2d at 9.

Furthermore, we find that the judgment of the court contains a separate order, apart from granting judgment on the verdict, which states that Heller's "claim for relief pursuant to the Texas Deceptive Trade Practices Act was groundless and brought in bad faith, and, therefore ... [ordered that Armstrong was to] ... recover its reasonable and necessary attorneys' fees." We read this language as a clear statement by the court that it reached an independent conclusion of law that Heller's lawsuit was groundless. Therefore, any error by the court in submitting the question to the jury was harmless.

In point of error number eight, Heller argues that if the court did reach the conclusion of law that the lawsuit of Heller was groundless, there is no evidence to support such a conclusion. For the reasons discussed under points of error one through six, there is sufficient evidence in the record for the court to have reached such a conclusion of law. We overrule point of error number eight.

Point of error number nine contends that no evidence was introduced by Armstrong that the DTPA claim of Heller was groundless and brought in bad faith. We overrule this last point of error since there was evidence which tended to contradict Heller's claim and testimony in support thereof, which would give credence to the contention that Heller's claim was groundless and in bad faith.

The judgment of the trial court is affirmed.