Corine **RUSHIN, and her children as heirs of Oscar Rushin, deceased, Appellants,**

v.

**Royce and Sharon K. HUMPHREY, Appellees.**

**No. 01–88–01005–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 6, 1989.

Rehearing Denied Sept. 7, 1989.

Charles R. Slone, Scherer, Roberts, Slone, Gresham, Lytle & Moore, Houston, for appellants.

Joanne Chaddedon, Wendy S. Burgower & Associates, for appellees.

Before SAM BASS, DUGGAN and HUGHES, JJ.

## OPINION

SAM BASS, Justice.

The appellees, Royce Humphrey and Sharon K. Humphrey, sued the appellants, Corine Rushin and her children, as the heirs of Oscar Rushin, deceased, to enjoin them from obstructing appellees' access across roadway that crossed the appellants' land. The appellees allege, in effect, an easement by necessity across the appellants' property and that the appellants wrongfully obstructed the easement by erecting a gate across the 30–foot roadway where it connects to Old Richmond Road. After a non-jury proceeding, the trial court entered judgment for the appellees. In its judgment and in separate findings of fact and conclusions of law, the court determined that appellees and their predecessors in title held a valid easement by necessity across the 30–foot strip of land that was required for access to their homestead.

We affirm.

In their first two points of error, the appellants contend that the trial court erred in concluding that appellees held an easement by necessity because there was no proof that a necessity existed at the time the estates were severed.

Both parties agree that their common source of title is Amy McKnight, who on October 22, 1958, conveyed the area in dispute to appellants' predecessor in title, Oscar Rushin. In that conveyance, Amy McKnight conveyed the surface only of the following described parcel of land, to-wit:

A strip of land 30' in width along the West side of that certain 16.67 acre tract, owned by Grantor, the James Hodge Labor, Fort Bend County, Texas, which 16.-67 acre tract is a part of that certain 25 acre tract out of the James Hodge Labor as said 25 acre tract is more particularly described in November 4, 1886, Deed from J.W. Hodge, et ux to J.N. Barnhill, et ux, recorded in Book G, Pages 221–222, Deed Records of Fort Bend County, Texas, and to which Deed and all other instruments affecting title to said 25 acre tract and said 16.67 acre tract reference is made for all purposes.

In this conveyance, Amy McKnight reserves to herself, her heirs and assigns the following:

all of the oil, gas, and other minerals lying on, in and under said 30' strip, together with a right of ingress and egress for the purpose of mining and producing same; further it is understood and agreed, and the parties hereto do hereby covenant and agree that the property, the subject of this conveyance, shall be used for road purposes only, and should said property hereafter ever cease to be used as a roadway, then and in that event, all rights, title, interest, and privileges granted hereby, shall immediately revert to grantor, her heirs, and assigns.

After this conveyance was executed, the grantee, Oscar Rushin, died intestate. His heirs at law are appellants; Corine Rushin, his widow; and, his children, Helen, Marilee, and John Rushin.

On August 1, 1973, Amy McKnight executed a deed conveying to Dorothy McKnight Burns and Hazel McKnight Ward, in equal undivided interests, the 25–acre tract, of which the 30-foot strip of

land is a part, "less any part thereof, heretofore conveyed of record." Thus, Burns and Ward acquired by that conveyance McKnight's retained mineral ownership in the 30–foot strip, as well as her ownership in the remaining unconveyed portion of the 25–acre tract. One of these two grantees, Hazel Ward, evidently died intestate, and Carol Ann Gosnell succeeded to her undivided interest. The other grantee, Dorothy Burns, conveyed her undivided interest to Carol Ann Gosnell on March 24, 1980. On February 10, 1986, Carol Ann Gosnell conveyed two small tracts of land to University State Bank, and after that conveyance, she owned only a small 2.3–acre tract in the 25 acre tract, which she conveyed to the plaintiffs, Royce and Sharon Humphrey.

In its unchallenged findings of fact, the trial court found that, at the time of the conveyance from Carol Ann Gosnell to the appellees, and for many years prior to that time, there was a well-defined 30–foot roadway that connected the appellee's property to Old Richmond Road. The court found: "Use of the roadway is an absolute necessity to the fair and enjoyable use of appellees' property, because the roadway in question is the only access to and egress from appellees' property."

■ The appellants argue, in effect, that these unchallenged facts do not support the judgment, because there is no proof that a necessity existed in 1958 when the two estates were severed. We disagree. The language of the conveyance itself implies the necessity for a way of access to reach the retained property. *See Jordan v. Rash,* 745 S.W.2d 549, 553 (Tex.App.— Waco 1988, no writ). Indeed, the express reservation of the right of ingress and egress, and the clause providing for a reversion of title in the event the roadway is used for any other purpose, reflects the parties' contractual understanding that the roadway was to be used as a means of access to the appellees' remaining lands.

We overrule the appellants' first and second points of error.

■ We also overrule the appellants' third and fourth points of error, in which they contend that the judgment is erroneous because any easement would be across lands owned by University State Bank, not across their property.

The evidence shows that when the Humphreys acquired the 2.3–acre tract from Carol Ann Gosnell, they used the road crossing the University State Bank's property, as well as the road in dispute, as a means for access to their property. Later, when the bank sold its property, access to that property was blocked.

The appellants' argument fails because the appellees' rights already existed at the time of the conveyance to the bank. Thus, whatever relationship exists between the appellees and the bank, or its successors in interest, does not affect the dispute between the appellees and the appellants here.

■ In their fifth and sixth points of error, the appellants contend that the trial court erred in its judgment because the appellees were "strangers" to any transaction involving the claimed easement by necessity. Again, we must disagree. As successors in interest to the admitted common source of title, the appellees are entitled to assert whatever easement rights were acquired at the time of the 1958 conveyance from Amy McKnight to Oscar Rushin.

Because of our disposition of the appellants' points of error, we need not consider the appellees' first cross-point, in which they contend that the 1958 deed is void for lack of sufficient description. We note in this respect that the appellees sought only injunctive relief and damages, not cancellation of the deed.

We also overrule the second cross-point of error, in which the appellees assert that the trial court's judgment is in error because it did not specifically determine that they held a valid, implied easement appurtenant. There is neither pleading nor proof to support such a determination.

Finally, we overrule the appellees' third cross-point, in which they contend that the trial court erred in failing to award damages and attorney's fees because of the appellants' actions. Again, there is neither

pleading nor proof to support an award of monetary damages, nor have appellees stated a cause of action that would entitle them to recover attorney's fees.

The judgment of the trial court is affirmed.