COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

 


 
 
 S
 & G ASSOCIATED DEVELOPERS, LLC, AND STEFANYK DEVELOPMENT, INC.,
  
                             Appellants,
  
 v.
  
 COVINGTON OAKS CONDOMINIUM
 OWNERS ASSOCIATION, INC.,
  
                             Appellee. 
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 §
 
  
 
 
  
 No.
 08-10-00192-CV
  
 Appeal
 from the
  
 285th
 Judicial District Court
  
 of
 Bexar County, Texas 
                                     
 (TC#
 2003-CI-03593) 
 
 


 

O P I N I O N

            This appeal concerns the Covington
Oaks Condominiums, a four-phase residential development in Bexar County,
Texas.  Phases I, II, and III are under
the governance of the Covington Oaks Condominium Owners Association, known as
“COHOA.”  For many years, COHOA has been
in litigation with the owners of Phase IV regarding whether the entrance and
private road used by the residents of Phases I, II, and III can also be used to
access Phase IV.  The trial court
ultimately granted summary judgment in favor of COHOA.  We affirm in part and reverse and remand in
part.

Factual and Procedural
Background

            Although the record spans over two-thousand
pages, the facts are poorly developed.  It
is clear, however, that land encompassing all four phases was deeded to the
original developer in 1981.  The original
developer planned four phases of condominiums that would be served by a common
gated entrance.  Three phases of
condominium buildings have been completed. 
These condominiums are connected to Brandeis Road, which fronts the
development, by a common entrance and private road that circles through the
development.

The original developer lost title to the Phase IV land, resulting in its
severance from the remaining property.  Phase
IV apparently has no frontage to Brandeis Road, or any other public road,
because COHOA owns a narrow strip of land separating it from Brandeis.  Stefanyk Development, Inc. purchased the
Phase IV property in 1993.  In 1994, Don Stefanyk
and John Garza formed S&G Associated Developers, L.L.C. to construct a
condominium building on the Phase IV land. 


            A
dispute subsequently arose as to whether Stefanyk Development and S&G have
the right to use the entrance and road that serve Phases I, II, and III.  In 1995, the parties entered into a
compromise settlement agreement, whereby Stefanyk Development would build up to
six condominium buildings, meeting certain specifications, on Phase IV.  This agreement required Stefanyk Development
to put up a temporary fence to separate Phase IV from the other phases during
construction of the buildings.  Once the
temporary fence was completed, the agreement provided that Stefanyk Development
could “open the gate in the iron perimeter fence located on the western
boundary of the Covington Oaks Condominium Property along Brandeis Road.”  When construction was complete, Stefanyk
Development was required to “weld the temporary construction gate permanently
closed, at which time Stefanyk Development and third-party residents of Phase
IV shall enter the condominium regime through the existing security gates on
Brandeis Road.”  COHOA agreed to
recommend to its members that Phase IV be annexed into their association and to
present the issue for a vote on or before its 1996 annual meeting.  Stefanyk Development and S&G subsequently
built one six-unit building on Phase IV.

The record does not reflect what happened between 1996 and 2001.[1]  In August 2001, Stefanyk Development deeded a
portion of the Phase IV land to Dan and Jean Villareal, but retained the
portion upon which the condominium building had been constructed.

In December 2001, COHOA’s attorney sent Don Stefanyk and Dan Villareal a
letter stating that the previous “proposed” settlement agreement was never
consummated, that it had “been quite some time since the obligations under that
agreement should have been performed,” and that COHOA therefore considered the
agreement no longer valid.  The letter
demanded that an alternative entrance be constructed for Phase IV.

In March 2003, COHOA advised Stefanyk Development and the Villareals by
letter that it intended to build a fence separating Phase IV from the rest of
Covington Oaks.  The letter stated that
“there will be an entrance to Phase IV provided from Brandeis to Phase IV,
along the northern edge of The Covington Oaks’ property.  Once the access easement for Phase IV is
completed, [COHOA] will deactivate the gate codes provided to people associated
with Phase IV.”  The letter further
stated that COHOA would provide the new entrance on Brandeis and would permit
the Phase IV owners to pave a driveway if they wished to do so.  Three days later, S&G commenced this suit
against COHOA, and later that month, the Villareals filed a plea in
intervention.

On March 11, 2005, the parties entered into a mediated settlement
agreement.  This agreement required Stefanyk
Development to pay COHOA $15,000 by March 21, 2005.  The agreement further provided that the
parties would dismiss all claims and the Villareals would undertake certain
actions, “[i]f Phase IV is annexed by the members of Covington Oaks Condominium
Owners Association on before [sic] 90 days from the date of this agreement.”  Shortly after entering into this agreement, Stefanyk
Development deeded its portion of Phase IV to its attorney as “trustee.”[2]  In November 2005, COHOA informed Stefanyk
Development, S&G, and the Villareals that, after three rounds of balloting,
the proposed annexation of Phase IV failed.

In February 2007, COHOA filed a motion for summary judgment.  The trial court conducted a hearing on the
motion, but deferred consideration of it and instead allowed the petition to be
amended to substitute the attorney for Stefanyk Development and S&G as
plaintiff because the property had been transferred to him.

Subsequently, the sixth amended petition was filed, naming the attorney
as plaintiff in his capacity as trustee. 
COHOA filed special exceptions to this petition, arguing that the attorney
had no capacity to appear in place of Stefanyk Development and S&G.  COHOA also filed an amended motion for
summary judgment.

The trial court attempted to conduct a second summary judgment
hearing.  After hearing arguments
regarding the attorney’s capacity to sue, the court abated the case so the
attorney could transfer ownership of Phase IV back to Stefanyk Development,
which would then be substituted as plaintiff. 
  

The seventh amended petition was filed on August 3, 2007.  It names only Stefanyk Development and
S&G as plaintiffs.  On September 4,
2007, the court heard argument on the amended motion for summary judgment, and
on September 10, 2007, it signed an order granting the motion in all
respects.  This order was not a final
judgment because it did not adjudicate the claims between the Villareals and
Plaintiffs.  Those claims were
subsequently tried to the court, which entered a final take nothing judgment in
June 2010.  Plaintiffs then brought this
appeal of the summary judgment.

Discussion

When
the summary judgment was granted, Plaintiffs’ live pleading was the seventh
amended original petition, which included several claims.  First, Plaintiffs sought specific performance
of the 2005 settlement agreement.  They alleged
that the agreement required COHOA to attempt to have Phase IV annexed.  According to Plaintiffs, COHOA intentionally
refused to solicit the necessary votes to accomplish this.  They further alleged that they had an easement
over COHOA’s property implied from existing use, implied from necessity, and by
estoppel.[3]

On appeal, Plaintiffs raise three
issues:  (1) that the trial court erred
in granting a no-evidence summary judgment on the easement claims; (2) that the
court erred in granting summary judgment on the breach of contract claim; and (3)
that the court erred in granting a traditional summary judgment.  Within the second issue, Plaintiffs attack
the no-evidence grounds pertaining to their contract claim, and within the
third issue, they attack the traditional grounds pertaining to the easement and
contract claims.

Standard and Scope of Review

Because
the trial court did not specify the grounds that it relied upon for its ruling,
the summary judgment must be affirmed if any of the theories advanced is
meritorious.  See Viasana v. Ward
County, 296 S.W.3d 652, 653-54 (Tex.App.--El Paso 2009, no pet.).  To obtain a no-evidence summary judgment, a
defendant must only specify which elements of the plaintiffs’ claim lack
evidentiary support.  Arellano v.
Americanos USA, LLC, 334 S.W.3d 326, 330 (Tex.App.--El Paso 2010, no
pet.).  The burden then shifts to the plaintiffs
to produce evidence raising a genuine issue of material fact regarding each
challenged element.  Id.  To meet this burden, they must produce more
than a scintilla of evidence regarding the challenged elements.  Id. 
For a traditional summary judgment, the defendant has the burden of
showing that there is no genuine issue of material fact by conclusively
disproving at least one element of the plaintiffs’ claims or by conclusively
proving all of the elements of an affirmative defense.  Id. 
On appeal, we view
the evidence de novo and in the light most favorable to the nonmoving
plaintiffs, considering all evidence favorable to them as true and indulging
every reasonable inference and resolving any doubts in their favor.  See id.

In this case, COHOA filed objections to Plaintiffs’ summary judgment
evidence, but it failed to obtain a ruling on the objections.  It does not argue on appeal that any of the
evidence should be excluded from our review. 
Therefore, we will consider all of the summary judgment evidence
submitted by Plaintiffs.  See id.
at 329-30.

Easement
Claims

            “It is
‘universally recognized’ that--‘without aid of language in the deed, and indeed
sometimes in spite of such language’--the circumstances surrounding an owner’s
conveyance of part of a previously unified tract of land may cause an easement
to arise between the two new parcels.”  Seber
v. Union Pac. R.R. Co., 350 S.W.3d 640, 647 (Tex.App.--Houston [14th Dist.]
2011, no pet.), quoting Mitchell
v. Castellaw, 246 S.W.2d 163, 167 (1952). 
There are two types of implied easements in Texas: easements implied by
necessity and easements implied by prior use. 
See Seber, 350 S.W.3d
at 648.  The elements for an easement by
necessity are:  (1) unity of ownership at
severance; and (2) necessity at the time of severance.  See Ingham
v. O’Block, 351 S.W.3d 96, 101 (Tex.App.--San Antonio 2011, pet. denied).  The elements for an easement by prior use
are:  (1) unity of ownership at
severance; (2) apparent and continuous use of the easement at severance; and (3)
necessity.  See id. at 103.

            Easements
may also be created by estoppel.  The
elements for an easement by estoppel are:  (1) a representation communicated, either by
word or action, to the promisee; (2) the communication was believed; and (3)
the promisee relied on the communication. 
Id. at 100.

No-Evidence Grounds

            Although
Plaintiffs’ petition alleged an easement by necessity, by prior use, and by
estoppel, the no-evidence portion of the summary judgment motion lumps all of
these theories together under the heading “Easement.”  The motion does not list the generic elements
of each easement claim as to which there is no evidence.  Instead, it asserts that Plaintiffs have no
evidence regarding ten issues, without explaining how these issues pertain to
the elements of the easement claims.  

            First, the
motion asserts that there is no evidence that there was unity of ownership when
Stefanyk Development acquired Phase IV in 1993. 
This is not an element of any of Plaintiffs’ easement claims.  As can be seen by the list of elements above,
no unity of ownership is required for an easement by estoppel.  Although unity of ownership is required for
easements by necessity and by implied grant, the relevant time to determine
unity of ownership is when the easement was allegedly created, i.e., at severance.  See Ingham,
351 S.W.3d at 101; Holden v. Weidenfeller, 929 S.W.2d 124,
129 (Tex.App.--San Antonio 1996, writ denied).[4]

            Second, the
motion asserts that there is no evidence that a road was in use or apparent
when Stefanyk Development acquired Phase IV. 
Again, this is not an element of Plaintiffs’ claims.  It does not relate to any element of an
easement by estoppel or by necessity. 
Although apparent use is required for an easement by prior use, the
relevant point for determining this element is at severance.  See
Holden, 929 S.W.2d at 129.[5]

            Third, the
motion asserts that there is no evidence that it was necessary to use COHOA’s
entrance road to access Phase IV when Stefanyk Development acquired Phase
IV.  This assertion does not relate to
any element of an easement by estoppel. 
Necessity is, however, an element for easements by prior use and by
necessity.  Necessity is initially
determined at the time of severance.  See Ingham, 351 S.W.3d at 101; Holden, 929 S.W.2d at 129.  Regarding easements by prior use, there is no
requirement that the necessity continue after severance.  Seber,
350 S.W.3d at 649-50.

The rule is different for easements
by necessity.  These easements are
temporary and continue only so long as the necessity exists.  Seber,
350 S.W.3d at 649.  Plaintiffs offered more than a scintilla of
evidence that it was necessary to use COHOA’s entrance road when Stefanyk
Development acquired Phase IV.  John
Garza submitted an affidavit, which states that since the time Phase IV was
purchased, the only connection from Brandeis Road to Phase IV has been through
COHOA’s entrance and the private road that connects all four phases of
Covington Oaks.

Fourth, the motion asserts that
there is no evidence that there is no way to access Phase IV except by an
easement over COHOA’s property.  Garza’s
affidavit explicitly avers that there is “no access to Phase IV from any public
street, including Brandeis, that does not require travel across land owned by
Covington Oaks.”  This is sufficient to
create a fact issue that the necessity continues to the present day.

Fifth, the motion asserts that
there is no evidence that Plaintiffs suffered damages that could not have been
mitigated by building their own driveway. 
Although not argued by Plaintiffs, we note that damage is not included
in the elements discussed above and that 
mitigation of damages is an affirmative defense, making it an inappropriate
basis for a no-evidence summary judgment. 
See
Nowak v. DAS Inv. Corp., 110 S.W.3d 677, 680 (Tex.App.--Houston [14th
Dist.] 2003, no pet.); Taylor Foundry Co.
v. Wichita Falls Grain Co., 51 S.W.3d 766, 774 (Tex.App.--Fort Worth 2001,
no pet.).

COHOA contends that Plaintiffs
failed to challenge this ground in their response to the summary judgment
motion and in their appellate brief.  Our
review of the summary judgment response shows that Plaintiffs unambiguously
addressed this ground.  Their arguments
regarding this ground were virtually identical to their arguments regarding the
previous two grounds.  Specifically, they
relied on Garza’s affidavit to establish that they cannot build any alternative
driveway that does not require travel across COHOA’s property.  Their appellate brief includes a general
issue framed as follows:  “Did the trial
court err in granting appellee’s motion for no-evidence summary judgment as to
appellants’ claims for implied easement?” 
Although the brief does not contain a separate sub-heading for this
ground, the substance of their argument about their inability to access Phase
IV without traveling across COHOA’s property is addressed throughout the brief.  We therefore conclude that Plaintiffs have
challenged this ground on appeal.  See Malooly Bros., Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970).

However, it is difficult to analyze
this ground because it does not relate to any actual element of Plaintiff’s
easement claims, yet Plaintiffs have not challenged the ground on this
basis.  Under the circumstances, we construe
this ground as merely a rewording of the previous two grounds and we conclude
that Garza’s affidavit was sufficient to defeat summary judgment.

            In two related
arguments, the motion asserts that there is no evidence that a plat or
marketing map showed any easement or that a plat or marketing map was a promise
given to Plaintiffs on which they relied. 
On appeal, COHOA contends that these assertions relate to Plaintiffs’
easement-by-estoppel claim.  A
representation on a plat may satisfy the first element of easement by
estoppel.  See, e.g., Halsell v. Ferguson, 202 S.W. 317, 322 (Tex. 1918).  But a plat is only one method of satisfying
this element; it is not a required element itself.  Plaintiffs disclaim any reliance on this
method of proof.  Therefore, the absence
of an easement on a plat or marketing map is irrelevant. 

The motion also asserts that there
is no evidence that Plaintiffs took any action to develop Phase IV in reliance
on any promise of an easement.  This
assertion concerns two elements of easement by estoppel--representation and
reliance.  The 1995 settlement agreement
provided that Stefanyk Development was to construct up to six buildings on
Phase IV and that when construction was complete, Stefanyk Development and
Phase IV residents could “enter the condominium regime through the existing
security gates on Brandeis Road.”  In his
affidavit, Garza claims that because Plaintiffs used COHOA’s entrance road
since 1993, he believed that they had a right to use it.  In reliance on this right, they constructed a
condominium building on Phase IV.  COHOA
did not formally indicate an unwillingness to allow Plaintiffs and their
tenants to use the common entrance until December 2001.  This evidence is sufficient to raise a fact
issue on the elements of representation and reliance.  See
Holden, 929 S.W.2d at 131 (holding that verbal representation is not
required); see also Goodenberger v. Ellis,
343 S.W.3d 536, 541-42 (Tex.App.--Dallas 2011, pet. denied)(finding a fact
issue regarding whether a property developer made a representation by its
action of designing lots so that they used an easement over the disputed
tract).

            Next, the
motion asserts that there is no evidence that Stefanyk Development’s deed
granted an easement.  Because Plaintiffs
are not alleging an express easement, it does not matter whether there was any
express mention of the easement in the deed. 
If an easement was created by necessity or prior use at the time of
severance, it passed to subsequent purchasers regardless of the deed’s
language.  See Holmstrom v. Lee, 26 S.W.3d 526, 531-32 (Tex.App.--Austin 2000,
no pet.); Rushin v. Humphrey, 778
S.W.2d 95, 97 (Tex.App.--Houston [1st Dist.] 1989, writ denied).

            Tenth, and
finally, the motion asserts that there is no evidence that any person with
legal ownership and legal capacity brought this suit.  This assertion apparently relates to COHOA’s
contention that Plaintiffs’ attorney did not actually own Phase IV, but was
acting merely as a placeholder for Stefanyk Development and S&G.  As Plaintiffs suggest, when a plaintiff is
misnamed, the proper solution is to abate the case so that the pleading
deficiency can be corrected.  See 1 Tex.Jur.3d Actions § 151.  The trial
court followed this approach, and allowed the filing of the seventh amended
petition, which named Stefanyk Development and S&G as plaintiffs and
removed the attorney as plaintiff.  Because
the seventh amended petition was on file at the time of the summary judgment
hearing, any issue created by the attorney serving as plaintiff is moot.

            As for
Stefanyk Development and S&G, we believe that Garza’s affidavit is
sufficient to avoid a no-evidence summary judgment on the question of their
ownership and capacity to bring suit. 
The affidavit states that S&G owns the condominium building “and the
combined building and land upon which said building sits is the result of a
joint venture agreement between Stefanyk [Development] and S&G.”[6]

            Plaintiffs’
first issue, concerning the no-evidence grounds supporting their easement
claims, is sustained.

Traditional Grounds

            COHOA’s
motion asserts several grounds for a traditional summary judgment on the
easement claims.  First, it asserts that
Weber lacked standing.  As we have just
discussed, this assertion is moot.

            Next, the
summary judgment motion asserts res judicata or claim preclusion.  A party relying on the affirmative defense of
res judicata must prove:  (1) a prior final determination on the merits
by a court of competent jurisdiction; (2) identity of parties or those in
privity with them; and (3) a second action based on the same claims as were or
could have been raised in the first action.  Travelers
Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010).

            To satisfy
the first element of res judicata,
COHOA relies on the 2005 settlement agreement, which purported to resolve all
of the claims raised in this suit.  COHOA
notes that “[a]n agreed judgment of dismissal in settlement of a controversy is
a judgment on the merits.”  This is an
accurate statement of law, but it does not apply here because the 2005
agreement did not result in an agreed judgment of dismissal.  Rather, the case proceeded to summary
judgment.  See Essman v. Gen. Accident Ins. Co. of America, 961 S.W.2d 572, 574
(Tex.App.--San Antonio 1997, no pet.)(“A
judgment of dismissal entered by agreement of the parties in pursuance of a
compromise or settlement of a controversy becomes a judgment on the merits.”  [Emphasis added]).[7]

            COHOA also
relies on the trial court’s denial of a temporary injunction in 2003.  It argues that in denying injunctive relief,
the court necessarily found that no easement exists.  The denial of a temporary injunction is not a
final determination on the merits.  See Glattly v. Air Starter Components, Inc.,
332 S.W.3d 620, 637 (Tex.App.--Houston [1st Dist.] 2010, pet. denied)(“Texas
law is clear that, generally, a trial court’s ruling on a temporary injunction (or other interlocutory judgment) does not
support the defense of res
judicata.”).

            Next, the
summary judgment motion asserts that an element of each of Plaintiffs’ easement
claims is necessity and, as a matter of law, there is no necessity.  As noted above, necessity is not required for
an easement by estoppel, but it is required for Plaintiffs’ other two easement
theories.

            The motion
states that a “curb cut was . . . placed to allow a driveway to be built
connecting [Plaintiffs’] building . . . with Brandeis Road,” that “Stefanyk
land locked himself when he deeded the property on three sides of his building
to the Villareals, thereby creating an implied easement across the Villareals’
land,” that Plaintiffs have “another way off [their] property through
neighboring property to the east and a railroad easement to the south,” and
that plaintiffs “do not have any need to drive onto the vacant land as there
has been no construction in ten years.”[8]  None of COHOA’s summary judgment evidence
specifically supports these assertions, but two items of evidence are arguably
related to the assertions.

The first is a letter from COHOA’s
attorney, advising Plaintiffs that COHOA “recognizes the implied easement held
by the owners of Phase IV over that narrow strip of land owned by [COHOA]
separating Phase IV from Brandeis.”  The second
is the affidavit of Matthew Lynch, who has been COHOA’s property manager since
2003.  The affidavit states:

            The COHOA has granted an easement
across the narrow strip of land between the Villareals’ property and Brandeis
which is owned by the COHOA.  The COHOA
has continually advised [the parties] of the grant to use that easement by
letters from our attorney.  In fact,
before any necessity to use the adjacent land arose that entrance was chosen as
the way in which Stefanyk should access his property unless and until the COHOA
voted in favor of annexation of his property.

 

On appeal, COHOA argues that
Lynch’s affidavit demonstrates that it is not necessary for Plaintiffs to use
the common entrance and road that serve Phases I, II, and III, because it has
granted Plaintiffs an alternative easement. 
COHOA states, “Assuming arguendo
that Appellants ever had a necessity to use COHOA’s private gate and drive, the
record establishes that the necessity was extinguished upon creation of the
alternate entrance.”  As we have already
explained, necessity is initially determined at the time of severance and there
is no requirement that the necessity continue after severance for an easement
by prior use.  See Seber, 350 S.W.3d at 649-50; Ingham, 351 S.W.3d at 101; Holden,
929 S.W.2d at 129.  Although an easement
by necessity terminates when the necessity ceases, Seber, 350 S.W.3d at 649, this does not mean that the grantor has
the authority to pick and choose which route the grantee can use.  Once the location of an easement by necessity
is established, it cannot be changed without the consent of both parties.  Samuelson
v. Alvarado, 847 S.W.2d 319, 323 (Tex.App.--El Paso 1993, no writ); Sisco v. Hereford, 694 S.W.2d 3, 7-8
(Tex.App.--San Antonio 1984, writ ref’d n.r.e.); Meredith v. Eddy, 616 S.W.2d 235, 240 (Tex.Civ.App.--Houston [1st
Dist.] 1981, no writ).  Accordingly,
COHOA’s offer of an alternative easement does not negate Plaintiffs’ right to
any existing implied easement.[9]

Last, the summary judgment motion
asserts that Plaintiffs cannot prevail on their easement-by-estoppel claim.  The motion states that Plaintiffs cannot show
that they “took any action in reliance on a promise from Covington Oaks.”  To obtain a traditional summary judgment,
COHOA was required to negate the elements of representation and reliance as a
matter of law; it cannot shift the burden to Plaintiffs.  See Arellano, 334 S.W.3d at 330.

The motion also states, “Any
improvements were done as a condition to contractual obligation of the parties
because COHOA always disputed Stefanyk and S&G’s right to an
easement.”  The motion does not cite any
evidence of this, but on appeal, COHOA relies on Lynch’s affidavit.  Indeed, Lynch did aver that “COHOA has always
disputed the right of owners of the adjacent property to use the private road,
private gate and amenities of the COHOA.” 
This averment does not conclusively disprove an easement by estoppel in
light of the 1995 agreement and Garza’s affidavit.  The 1995 settlement agreement contemplated
that Stefanyk Development would build on Phase IV and that when construction
was complete, Stefanyk Development and Phase IV residents could use the common
entrance.  The affidavit states that a
building was constructed in reliance on the right to use the common entrance
and that COHOA did not formally indicate an unwillingness to allow Plaintiffs
and their tenants to use the common entrance until December 2001.

Plaintiffs’ third issue is
sustained to the extent that it challenges the granting of a traditional
summary judgment on the easement claims.

Contract Claim

            Plaintiffs
contend that the 2005 settlement agreement obligated COHOA to attempt to have
Phase IV annexed by its members.  They
allege that COHOA breached this obligation by intentionally refusing to solicit
the required votes.  COHOA sought a
traditional summary judgment on the ground that the agreement was performed.[10]

            The 2005
agreement states that Stefanyk Development would pay COHOA $15,000 within ten
days.  It then states, “If Phase IV is
annexed by the members of Covington Oaks Condominium Owners Association on [or]
before 90 days from the date of this agreement then” Villareal would undertake
various actions and the case would be dismissed.  By its express terms, this language did not
require COHOA to recommend Phase IV’s annexation or even to submit the
annexation for a vote.  Nevertheless,
COHOA has conceded that the agreement “requires . . . that COHOA submit the
annexation of Phase IV to a vote of the homeowners.”  COHOA established that it met this
requirement through its attorney’s letter to Plaintiffs and the
Villareals.  That letter states that
“three rounds of balloting for the proposed annexation of Phase IV have failed
to attain the required percentage of approval of the membership.  The annexation vote has failed.”  Moreover, Lynch’s affidavit states that the
vote was conducted in accordance with COHOA’s restrictive covenants and that
COHOA “acted in good faith to obtain a vote from every homeowner.”  Specifically, COHOA sent information to all
of the homeowners concerning the annexation and recommended that they vote in
favor of annexation.  Balloting occurred
at a June 2005 meeting.  Ballots were
also sent on two other occasions to ensure that every homeowner received a
ballot and had the opportunity to vote.

In an attempt to counter this
evidence, Plaintiffs rely on the minutes of a July 26, 2005 meeting of COHOA’s
board of managers.  The minutes state:

The Board reviewed
the results of the current votes in regards to the annexation of Phase IV.  With only 42 of 68 homeowners, or 62%, having
cast their votes, the results are 36 homeowners, or 53%, voting in favor of
annexation while the remaining 47% have either not voted or voted to not annex
Phase IV.  The requirement to annex Phase
IV is 67%.  The Board’s frustration with
the owners of Phase IV for not addressing repairing the fence, not providing a
building inspection, as well as other items, has prompted them to not proceed
any further with the annexation of Phase IV. 
The Board approved to pursue further legal recourse in order to isolate
Phase IV from the rest of the complex. 
The Board approved the gates be closed as soon as possible, an agreement
in regards to future utility easement be written, and all ties wit [sic] the
owners of Phase IV be eliminated.

 

            The minutes
show that COHOA decided not to proceed further when 36 out of 42 (or 85%) of
the voting members voted in favor of annexation.  Plaintiff contends that this creates a fact
issue as to whether COHOA performed its obligation to obtain a vote.  We disagree. 
Nothing in the agreement suggests that COHOA had a duty to continue
balloting ad infinitum.  Rather, the vote was supposed to be
accomplished within ninety days.

            Plaintiffs’
third issue is overruled to the extent that it challenges the granting of a
traditional summary judgment on the contract claim.  Because COHOA established its entitlement to
summary judgment on a traditional ground, we find it unnecessary to address
Plaintiffs’ second issue, which challenges the no-evidence summary judgment on
the contract claim.

Conclusion

For the reasons stated above, the
summary judgment is reversed as to Plaintiffs’ easement claims, and the cause
is remanded to the trial court for further proceedings concerning those
claims.  In all other respects, the
summary judgment is affirmed.

 

 

 

February 1, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and
Antcliff, JJ.











[1]
COHOA asserted in its summary judgment motion and in its appellate brief that
the annexation vote did not occur in 1996 and that it notified Stefanyk’s
counsel that year that it considered Stefanyk to be in breach of the 1995
agreement.  COHOA has not cited any
evidence in the record to support these assertions.





[2]
The attorney later explained to the trial court that this was done because Don
Stefanyk lives in Canada and did not wish to travel back and forth to sign
documents that he might be required to sign after the case was dismissed.





[3]
The seventh amended original petition also alleged that COHOA violated the 2005
agreement in additional ways and violated the condominium declaration for
Covington Oaks, that COHOA tortuously interfered with their easement, and that
COHOA is estopped from denying that Phase IV is a member of COHOA.  The prayer for relief sought specific
performance of the 1995 compromise settlement agreement.  None of these issues have been brought
forward on appeal; therefore, we will not discuss them further.





[4]
In its appellate brief, COHOA states that the original developer deeded Phase
IV to the lender in lieu of foreclosure in 1982.  Thus, 1982 would be the time of severance.

 





[5]
In its appellate brief, COHOA states that three phases had become part of COHOA
by 1987 and that the residents of these phases “entered and traveled through
the property on a private drive that intersected with the adjacent public
street known as Brandeis.”  Since it is
undisputed that Stefanyk Development acquired Phase IV in 1993, this statement
strongly suggests that the road was in use and apparent at that time.





[6]
In its appellate brief, COHOA states that “Stefanyk Development, Inc. . . . owns
the land on which S&G’s building is located.”





[7]
COHOA suggests that the 2005 agreement required Plaintiffs to dismiss this
suit.  The agreement is set forth in a
pre-printed, fill-in-the-blanks form provided by the mediator.  The pre-printed statement that the parties
would “execute and file an Agreed Order dismissing all claims” is crossed
out.  The handwritten portion of the
agreement states that if Phase IV was annexed within ninety days, certain
obligations would arise, including, “[t]he parties will dismiss all claims
against each other and enter into mutual releases.”





[8]
The portion of the motion concerning necessity focuses more on the Villareals’
claims than those of Plaintiffs.  We will
not address any argument directed only to the Villareals.





[9]
COHOA also argues on appeal that Lynch’s affidavit conclusively negated the
element of continuous use, which is required for an easement by prior use.  However, COHOA did not include this ground in
the summary judgment motion, and even if it had been included, Lynch’s
affidavit does not refer to the relevant time period, which was the time of
severance.





[10]
COHOA also asserted several no-evidence grounds pertaining to this allegation,
but we find it easier to dispose of the issue by reference to traditional
summary judgment principles.