COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROSALIO ARELLANO, | § | No. 08-08-00305-CV |
| Appellant, | § | Appeal from the |
| v. | § | 171st Judicial District Court |
| | § | |
| AMERICANOS USA, LLC, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2007-3771) |
| | § | |

**O P I N I O N**

Appellant, Rosalio Arellano ("Mr. Arellano"), brought action against Appellee, Americanos USA, LLC ("Americanos" or "the company"), alleging the company retaliated against him after he filed a workers' compensation claim. He now appeals the trial court's order granting Americanos' motion for summary judgment. We reverse the trial court's judgment and remand the case to the trial court for further proceedings.

Mr. Arellano worked primarily as a bus driver for Americanos for more than two and a half years. In October 2005, he injured his back while stepping off of a bus he was driving from El Paso, Texas to California. He filed a workers' compensation claim, and Americanos sent him to Concentra in California for medical treatment.[1] Mr. Arellano continued treatment at Concentra once back in El Paso, and was put on light duty at work per the doctor's orders. Later, a non-Concentra physician treated Mr. Arellano and took him off of work from November 2005

---

[1] Concentra is a national healthcare company.

through the end of 2006 for medical reasons. He resumed working as a bus driver for Americanos in January 2007, and his last day at the company was on December 24, 2007.

In August 2007, Mr. Arellano filed suit against Americanos, asserting wrongful termination and discrimination in violation of Section 451.001 of the Texas Workers' Compensation Act. In February 2008, the trial court entered a discovery control plan and scheduling order. In August 2008, Americanos filed a traditional motion for summary judgment and a no-evidence motion for summary judgment.[2] Mr. Arellano filed his response to Americanos' motions for summary judgment about a month later, and he also filed an objection to the hearing on these motions on the grounds that the summary judgment deadline had passed based on the parties' agreed deadline in their discovery control plan. Americanos then filed its objections to and a motion to strike Mr. Arellano's summary judgment evidence, specifically the affidavit in his response to the company's motions for summary judgment.

The trial court held a hearing on Americanos' motions for summary judgment on September 23, 2008. At the hearing, the court overruled Mr. Arellano's objection that the summary judgment deadline had passed. At the conclusion of the hearing, the court entered an order granting Americanos' motion for summary judgment. In October 2008, Mr. Arellano filed a notice of appeal.

As an initial matter, we have found Mr. Arrellano's brief to be seriously lacking in substantive discussion of facts and authorities to be relied upon which brings it very close to

---

[2] In its summary judgment motions, Americanos advanced the following summary judgment theories: (1) the company did not terminate Mr. Arellano; (2) Mr. Arellano failed to show a causal connection between the alleged discharge or discriminatory acts and a protected activity under Chapter 451.

waiving his complaints.  *See Jimenez v. Citifinancial Mortg. Co., Inc.*, 169 S.W.3d 423, 426 (Tex.App.--El Paso 2005, not pet.).  Nevertheless, we have looked past those failings and find that the record before us is sufficient to reach the merits of his appeal.

In Issue One, Mr. Arellano argues Americanos' motions for summary judgment violated the parties' discovery control plan and scheduling order.  Mr. Arellano contends Americanos should have applied for a leave of court to modify the summary judgment deadline, and the trial court erred in allowing the summary judgment hearing to proceed thirteen days before trial when the parties had expressly agreed that the summary judgment deadline was thirty days before trial.

The trial court's discovery control plan indicated the "summary judgment deadline" as thirty days before trial, and it set the trial date as October 6, 2008.  Americanos filed its motions for summary judgment on August 20, 2008, which was more than thirty days before trial.  The court held a hearing on the motions on September 23, 2008.  Because Americanos filed its motions for summary judgment at least thirty days before trial, it did not violate the summary judgment deadline in the discovery control plan and scheduling order.  Issue One is overruled.

In Issue Two, Mr. Arellano argues Americanos waived its objections to the evidence in support of his summary judgment response, and that even if the trial court made an implicit ruling granting the company's motion to strike his affidavit, the court erred in doing so.  Specifically, Mr. Arellano asserts Americanos waived its objections to his affidavit by failing to obtain rulings from the trial court on its objections and motion to strike, and that in any case, his affidavit was not a sham affidavit, as the company claimed.

Failure to obtain written rulings on objections to summary judgment evidence waives the issue, unless the record reflects an implicit ruling by the trial court.  TEX.R.APP.P. 33.1(a)(2)(A)

(trial court must either expressly or implicitly rule on an objection for a complaint to be preserved for review); *Torres v. GSC Enterprises, Inc.*, 242 S.W.3d 553, 560 (Tex.App--El Paso 2007, no pet.); *Strunk v. Belt Line Road Realty, Co.*, 225 S.W.3d 91, 99 (Tex.App.--El Paso 2005, no pet.).  For there to be an implicit ruling, the record must contain something indicating that the trial court ruled on the objections, other than the mere granting of a motion for summary judgment.  *Torres*, 242 S.W.3d at 560; *Strunk*, 225 S.W.3d at 99.  In this case, there is no indication that Americanos' objection to Mr. Arellano's affidavit was ruled upon either explicitly or implicitly.[3]  As such, the company's objection is waived, and the objected-to summary judgment evidence remains a part of the summary judgment record.  Accordingly, we may consider Mr. Arellano's affidavit in our review of the merits of this appeal.

In Issues Three and Four, Mr. Arellano argues the trial court erred in granting summary judgment on either traditional or no-evidence grounds.  Because the trial court did not specify the grounds upon which it granted the motion, we will affirm, if any ground asserted has merit. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

As with any summary judgment ruling, a traditional summary judgment is subject to *de novo* review.  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  To succeed on a traditional motion for summary judgment, the movant must establish that there is no genuine issue of material fact so that judgment should be granted as a matter of law. TEX.R.CIV.P. 166a(c); *see also Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846

---

[3] The order does not contain any language indicating the trial court reviewed "all competent summary judgment evidence," language that has been found adequate to support a finding the trial court implicitly sustained objections to the appellant's summary judgment evidence. *See Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex.App.--Fort Worth 1999, pet. denied).

(Tex. 2005). Summary judgment is therefore properly granted if the defendant disproves at least one essential element of the plaintiff's cause of action, or establishes all essential elements of an affirmative defense. *See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). If the movant is successful in establishing its right to judgment as a matter of law, the burden then shifts to the non-movant to produce evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). As in a review under the no-evidence standard, the reviewing court will take as true all competent evidence favorable to the non-movant, indulge every reasonable inference, and resolve any doubts in the non-movant's favor. *See Grant*, 73 S.W.3d at 215. Unlike a no-evidence motion however, a traditional motion for summary judgment must stand or fall on its own merit; there is no right to a traditional summary judgment by default. *See City of Houston*, 589 S.W.2d at 678.

A no-evidence motion for summary judgment is essentially a pretrial motion for directed verdict. *Gray v. Woodville Health Care Center*, 225 S.W.3d 613, 616 (Tex.App.--El Paso 2006, pet. denied). A no-evidence summary judgment movant must specify which essential elements are devoid of evidentiary support. TEX.R.CIV.P. 166a(i); *see also Aguilar v. Morales*, 162 S.W.3d 825, 834 (Tex.App.--El Paso 2005, pet. denied). The burden then shifts to the non-movant to produce summary judgment evidence raising a genuine issue of material fact regarding each challenged element. *Aguilar*, 162 S.W.3d at 834. The non-movant meets this burden, thereby defeating the no-evidence motion, by producing more than a mere scintilla of evidence in support of each challenged element. *See Gray*, 225 S.W.3d at 616. A "scintilla" of evidence rises to the level that enables reasonable minds to differ in the conclusions to be drawn

-5-

therefrom.  *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

A no-evidence motion is properly granted when the non-movant fails to produce proper summary judgment evidence, or the evidence produced is so weak as to create no more than a mere surmise or suspicion.  *See King Ranch, Inc.*, 118 S.W.3d at 751.  On appeal, we conduct a *de novo* review of the trial court's ruling to determine whether or not the non-movant's evidence demonstrated that a material fact issue exists on each of the challenged elements.  *See id.*  When conducting such a review, the appellate court must view the evidence in the light most favorable to the non-movant.  *See Gray*, 225 S.W.3d at 616.  When, as here, the trial court fails to specify which no-evidence ground served as the basis for its ruling, we must review each ground raised in the motion, and the judgment will be affirmed if any of the theories prove meritorious.  *Id*. at 617.

Here, Americanos' grounds for traditional summary judgment were:  (1) the company did not terminate Mr. Arellano; and (2) Mr. Arellano failed to show that there was a causal connection between the alleged discharge or discriminatory acts and a protected activity under Chapter 451.  First, Americanos contends it never terminated Mr. Arellano, and that according to Mr. Arellano's deposition testimony, his injury led him to leave the company.  Second, the company asserts that based on Mr. Arellano's deposition testimony, there was no evidence of a causal link between his workers' compensation claim and the alleged discrimination or wrongful termination; instead it was Mr. Arellano's "legitimate personal action" that resulted in the alleged discrimination, and his injury that resulted in his termination.

Chapter 451 of the Texas Labor Code provides:  "A person may not discharge or in any other manner discriminate against an employee because the employee has:  filed a workers'

compensation claim in good faith," or otherwise participated in a workers' compensation claim or suit in specified ways. TEX.LAB.CODE ANN. § 451.001 (Vernon 2006). Section 451.001 is a statutory exception to the Texas common-law doctrine of employment-at-will. *Lozoya v. Air Systems Components, Inc.*, 81 S.W.3d 344, 347 (Tex.App.--El Paso 2002, no pet.); *Jenkins v. Guardian Industries Corp.*, 16 S.W.3d 431, 435 (Tex.App.--Waco 2000, pet. denied). The purpose of this statute is to protect persons entitled to benefits under the Workers' Compensation Act and to prevent them from being discharged for filing claims to collect those benefits. *Trico Technologies Corp. v. Montiel*, 949 S.W.2d 308, 312 (Tex. 1997); *Lozoya*, 81 S.W.3d at 347. Thus, the section has both remedial and deterrence objectives. *Lozoya*, 81 S.W.3d at 347.

In workers' compensation retaliation claims, an employee can recover damages for retaliatory discharge under this provision only if he proves that without his filing a workers' compensation claim, the discharge would not have occurred when it did. *Continental Coffee Products Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996); *Lozoya*, 81 S.W.3d at 347. This causal link may be established by direct or circumstantial evidence. *Lozoya*, 81 S.W.3d at 347. Circumstantial evidence sufficient to establish a causal link between termination and filing a compensation claim includes: (1) knowledge of the compensation claim by those making the decision to terminate; (2) a negative attitude toward the employee's injured condition; (3) failure to adhere to established company policies; (4) discriminatory treatment of the injured employee in comparison to similarly situated employees; and (5) providing incentives to refrain from reporting on-the-job injuries. *Lozoya*, 81 S.W.3d at 347-48; *Wyler Industrial Works, Inc. v. Garcia*, 999 S.W.2d 494, 501 (Tex.App.--El Paso 1999, no pet.). Further, proof that the stated reasons for the discharge are false is sufficient to establish that the employee was terminated in

violation of Section 451.001. *Lozoya*, 81 S.W.3d at 348, *citing Continental Coffee*, 937 S.W.2d at 452. Once the link is established, it is the employer's burden to rebut the alleged discrimination by showing there was a legitimate reason behind the discharge. *Lozoya*, 81 S.W.3d at 348; *Terry v. Southern Floral Co.*, 927 S.W.2d 254, 257 (Tex.App.--Houston [1st Dist.] 1996, no pet.). The employee then has the burden to either produce evidence raising a fact issue on whether the employer's stated reason was a pretext for retaliatory action, or challenge the employer's summary judgment evidence as failing to prove as a matter of law that the stated reason was legitimate and nondiscriminatory. *See Benners v. Blanks Color Imaging, Inc.*, 133 S.W.3d 364, 369 (Tex.App.--Dallas 2004, no pet.).

So we disagree with Americanos that Mr. Arellano failed to establish the company terminated his position, and that he failed to establish a causal link between his workers' compensation filing and the alleged discrimination and wrongful termination, when we examine the record in the light most favorable to Mr. Arellano, disregarding all contrary evidence and inferences. *See Gray*, 225 S.W.3d at 616. According to Mr. Arellano's affidavit, the company discharged him from his employment after he sustained the work-related injury by ceasing to offer him bus routes to drive, putting him on the work schedule, and communicating with him. He also testified that subsequent to being injured and put on light duty by Concentra, Americanos expressed a negative attitude towards his injured condition by terminating his position as a bus driver and demoting him to a janitorial position. As a result, he earned a lower wage than before, and was subjected to humiliation due to the tasks he had to undertake. Mr. Arellano left the company between November 2005 and the end of 2006 because his personal doctor took him off of work for medical reasons. He resumed work as a bus driver for the company in January 2007,

but the company continued to express a negative attitude towards his injured condition and subjected him to discriminatory treatment. For example, Mr. Arellano's supervisor, Mr. Chavarria, persisted in changing his co-driver instead of allowing him to work with the same individual, which prevented him from "developing . . . trust and rapport with [his] team driver." According to Mr. Arellano, this "was never the case before [his] on-the-job injury," nor was it the case with other drivers who did not claim for workers' compensation benefits. Other instances in which Americanos treated Mr. Arellano differently than before his injury and differently from other drivers included assigning him buses that were dirty or had mechanical problems, denying his request to be assigned to a properly functioning bus, denying his request for taking a day off, and assigning him less routes or less desirable routes. Since his injury, Mr. Chavarria told Mr. Arellano that he was a problematic employee, would not respond to his questions, or look directly at Mr. Arellano when Mr. Arellano spoke to him. According to Mr. Arellano, the company ceased offering him bus routes to drive, and ignored his attempts to communicate with its employees after his last day at work. Since then, he had not received workers' compensation or any medical benefits.

Examining the record in the light most favorable to Mr. Arellano, we determine that there are genuine issues of material fact as to whether Mr. Arellano was discharged or discriminated against for filing a workers' compensation claim. Moreover, the record reflects that Americanos did not establish all elements of an affirmative defense. Because Americanos failed to establish that there were no genuine issues of material fact as to Mr. Arellano's retaliation claim, we conclude the trial court erred in granting summary judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Rubio*, 185 S.W.3d at 846. We sustain Issue Three.

In Issue Four, Mr. Arellano contends summary judgment was not properly granted under Texas Rule of Civil Procedure 166a(i). In its no-evidence motion for summary judgment, Americanos argued Mr. Arellano failed to produce any evidence so as to create a genuine issue of material fact with respect to all of the following elements for Section 451.001 retaliatory discharge: (1) an employee; (2) who is discharged or discriminated against in any manner; (3) because the employee has filed a workers' compensation claim in good faith; and (4) that "but for" the employee's filing of a workers' compensation claim, the discharge would not have occurred when it did. *See* TEX.LAB.CODE ANN. § 451.001(1); *Cazarez*, 937 S.W.2d at 450. We have already determined that there are genuine issues of material fact as to the second element, that the company terminated or discriminated against Mr. Arellano, and the fourth element, that Mr. Arellano's discharge or discrimination was connected to his filing of a workers' compensation claim. We also determined that Mr. Arellano met his initial burden on the causal link, and that Americanos did not meet its burden to show a legitimate reason for the alleged discharge because the record is devoid of any evidence on this matter. Mr. Arellano's affidavit also clearly indicates that Americanos employed him from March 3, 2004 through November 7, 2005, and from January 2007 through December 24, 2007, and that he filed a workers' compensation claim in good faith after he sustained the injury. Therefore, there are genuine issues of material fact with respect to these elements as well. As such, there is more than a mere scintilla of evidence in support of all the elements of Mr. Arellano's cause of action, and summary judgment was also not granted properly under Rule 166a(i). *See* TEX.R.CIV.P. 166a(i); *King Ranch*, 118 S.W.3d at 751; *Gray*, 225 S.W.3d at 616. We will also sustain Issue Four.

Having determined that none of the grounds advanced for summary judgment have merit,

-10-

we reverse the trial court's judgment and remand the case for further proceedings.


November 29, 2010

                                        DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.