Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS







CECILIA ACOSTA,

                            Appellant,

v.

GOVERNMENT EMPLOYEES CREDIT
UNION,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 



No. 08-10-00162-CV

Appeal from the

448th Judicial District Court
of El Paso County, Texas 
 
(TC# 2008-446)



 

 

 





O P I N I O N

            Cecilia Acosta sued the Government Employees Credit Union (“GECU”) for age and
national origin discrimination under the Texas Commission on Human Rights Act (“TCHRA”). 
GECU moved for summary judgment on traditional and no-evidence grounds. The trial court
granted the motion without specifying the grounds. In a single point of error, Acosta asserts that
the trial court erred in granting summary judgment. We affirm.
Factual Background
            Acosta, a Hispanic female, began working for GECU in 1984. As of September 25,
2006, she was 51 years’ old and was serving as an underwriting credit analyst. On that date,
Arturo Perez, one of her direct supervisors, notified Acosta that she was being fired for violating
GECU’s “Confidentiality of Member Business Policy.” That policy states, “As approved by laws
of the State of Texas governing the operation of credit unions, all matters concerning the
business of the members of the credit union shall be kept confidential. Failure to adhere to this
policy will be cause for termination.”
            Acosta filed an internal appeal of the termination. In connection with the appeal, she
submitted a statement regarding the incident that led to her firing. Acosta stated that on
September 20, 2006, a person named “Ivan,” who was associated with a local car dealership,
dropped by the credit union offices. Pam Rivera, another GECU employee, asked Ivan, “Who is
this Cesar? We got an app[lication], ah Ceci?” This question was apparently directed to Acosta,
who responded, “[W]e got a loan application and he’s finance director.” Acosta claims that an
acting supervisor overheard her answer, but did not hear Rivera’s question. When the supervisor
called Acosta aside to discuss the matter, she replied that she “was simply responding to Pam’s
question.”



            Acosta’s internal appeal was denied, as was the charge of discrimination that Acosta filed
with the EEOC. Thereafter, she filed this suit against GECU.
            Excerpts from Acosta’s deposition were attached to GECU’s summary judgment motion. 
Acosta could not recall any particular discriminatory comments, directed at herself or others, that
she heard while employed at GECU. She acknowledged that the vast majority of the people in
her department were Hispanic and that Perez, the supervisor who fired her, is over fifty years old. 
Nevertheless, she believed that several people who were involved with her termination had
discriminated against her because of her age and national origin. When asked to explain why she
held this belief, she indicated that anyone who is younger or not Hispanic might discriminate
against someone who is older and Hispanic.


 Acosta acknowledged that she violated the
confidentiality policy.
            GECU also submitted an affidavit from its vice president of human resources. She stated
that on November 8, 2006, following the denial of Acosta’s internal appeal, Acosta’s position
was filled by a 47-year-old Hispanic male.
            In response to GECU’s motion, Acosta provided her own affidavit. She averred that Pam
Rivera, a non-Hispanic female, violated the member confidentiality policy during the incident in
question, but received no disciplinary action. Acosta further stated that she had spoken to the
person hired on November 8, 2006. He told Acosta that GECU was not satisfied with his
performance and that he resigned in lieu of termination after only six months on the job.
            In addition, Acosta provided affidavits from a former GECU employee and the former
employee’s ex-husband. They related an incident in which one of GECU’s vice-presidents
violated the member confidentiality policy by disclosing that a particular member had solicited a
loan. The former employee also indicated that this vice-president often violated the member
confidentiality policy, that “[m]embers of upper management were made aware of” the
violations, and that no disciplinary actions were taken against the vice-president.
 
Discussion
            Because the judgment does not specify the ground or grounds that the trial court relied
upon for its ruling, the summary judgment must be affirmed if any of the theories advanced is
meritorious. See Viasana v. Ward County, 296 S.W.3d 652, 653-54 (Tex.App.--El Paso 2009, no
pet.). To be entitled to a no-evidence summary judgment, a defendant must specify which
elements of the plaintiff’s claim lack evidentiary support. Arellano v. Americanos USA, LLC,
334 S.W.3d 326, 330 (Tex.App.--El Paso 2010, no pet.). To be entitled to a traditional summary
judgment, a defendant must conclusively disprove at least one element of the plaintiff’s claim. 
Id. If the defendant meets its initial burden, the burden then shifts to the plaintiff to produce
evidence raising a genuine issue of material fact regarding the element at issue. Id. On appeal,
we view the evidence de novo and in the light most favorable to the nonmovant, considering all
evidence favorable to her as true and indulging every reasonable inference and resolving any
doubts in her favor. See id.
            The McDonnell Douglas burden-shifting rubric governs our analysis of Acosta’s
discrimination claims. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–05, 93 S.Ct.
1817, 1824-25, 36 L.Ed.2d 668 (1973); Flores v. City of Liberty, 318 S.W.3d 551, 554
(Tex.App.--Beaumont 2010, no pet.); Russo v. Smith Int’l, Inc., 93 S.W.3d 428, 434 (Tex.App.--Houston [14th Dist.] 2002, pet. denied); see also Quantum Chem. Corp. v. Toennies, 47 S.W.3d
473, 476 (Tex. 2001)(stating that Texas courts apply analogous federal law when interpreting the
TCHRA). Under this rubric, Acosta must first establish a prima facie case of discrimination. 
See Quantum Chem., 47 S.W.3d at 477. If she establishes a prima facie case, the burden shifts to
GECU to articulate a legitimate, nondiscriminatory reason for her termination. See id. If GECU
meets this burden, the burden shifts back to Acosta to show that the stated reason was a pretext
for discrimination. See id.
            In its summary judgment motion, GECU argued that Acosta cannot establish a prima
facie case of national origin discrimination because there is no evidence that she was treated less
favorably than a similarly situated employee of another national origin. GECU argued that
Acosta cannot establish a prima facie case of age discrimination because there is no evidence that
she was replaced by someone outside the protected class or by someone substantially younger
than she is. Even if Acosta could meet her prima facie burdens, GECU asserted that her
violation of member confidentiality was a legitimate, non-discriminatory reason for her
termination. GECU also asserted that there is no evidence that this reason was pretextual and
that “[a]ll the evidence affirmatively shows that [its] articulated reason for its action . . . was true
and that there was no actual discrimination . . . .”
National Origin Discrimination
            The precise requirements to establish a prima facie case vary depending on the allegations
in each particular case. Quantum Chem., 47 S.W.3d at 477. The parties here agree that Acosta
was required to establish, among other things, that she was treated less favorably than a similarly
situated non-Hispanic employee. See Ysleta Indep. Sch. Dist. v. Monarrez, 177 S.W.3d 915, 917
(Tex. 2005); Flores, 318 S.W.3d at 554. Employees are similarly situated if their circumstances
are comparable in all material respects, including similar standards, supervisors, and conduct. 
Monarrez, 177 S.W.3d at 917. Moreover, the misconduct of employees who were disciplined
must be of comparable seriousness to those who were not disciplined. Id. This means that
Acosta was required to show that the misconduct for which she was fired was nearly identical to
that engaged in by a non-Hispanic employee who was not fired. See id. at 918.
            In its summary judgment motion, GECU asserted that there is no evidence to establish
that Acosta was treated less favorably than a similarly situated non-Hispanic employee. In
response to the summary judgment motion, Acosta submitted an affidavit in which she stated that
during the conversation in which she violated the member confidentiality policy, Pam Rivera
violated the same policy. According to the affidavit, Rivera said, “Who is Cesar? We got a loan
application, ah Ceci?” The affidavit also states that, like Acosta, Rivera was a credit analyst, but
unlike Acosta, she is not Hispanic and was not disciplined. GECU did not file a reply to
Acosta’s summary judgment response, nor did it file an objection to her affidavit. In its appellate
brief, GECU does not even acknowledge the existence of the affidavit. In the absence of any
attack on Acosta’s affidavit, we conclude that it was sufficient to establish her prima facie case. 
See Quantum Chem., 47 S.W.3d at 477 (noting that a plaintiff’s prima facie burden is not
onerous).
            GECU presented evidence to establish that it had a legitimate, non-discriminatory reason
for firing Acosta: Acosta admitted that she violated the member confidentiality policy; that policy
specifically provides that a violation will be cause for termination; Acosta was replaced by a
Hispanic person; the vast majority of people in her department were Hispanic; and she could not
recall any particular discriminatory comments, directed at herself or others, that she heard while
employed at GECU. Because this evidence conclusively establishes that GECU’s stated reason
for firing Acosta was legitimate, non-discriminatory, and non-pretextual, Acosta had the burden
to establish a fact issue regarding pretext. See M.D. Anderson Hosp. & Tumor Inst. v. Willrich,
28 S.W.3d 22, 24 (Tex. 2000).
            Acosta’s brief focuses on her prima facie case. She does not specifically identify any
evidence that demonstrates pretext regarding her national origin claim. Her brief does note,
however, that Rivera was not disciplined. Assuming that Acosta believes this evidence creates a
fact question on pretext, we disagree.
            “[A] plaintiff’s prima facie case, combined with sufficient evidence to find that the
employer’s asserted justification is false, may permit the trier of fact to conclude that the
employer unlawfully discriminated.” Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133,
148, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000); see also Bowen v. El Paso Electric Co., 49
S.W.3d 902, 910 (Tex.App.--El Paso 2001, pet. denied). However, “an employer would be
entitled to judgment as a matter of law if the record conclusively revealed some other,
nondiscriminatory reason for the employer’s decision, or if the plaintiff created only a weak issue
of fact as to whether the employer’s reason was untrue and there was abundant and
uncontroverted independent evidence that no discrimination had occurred.” Reeves, 530 U.S. at
148, 120 S.Ct. at 2109. Acosta has presented nothing more than a weak prima facie case. She
presented no evidence that GECU’s stated reason for firing her was false. Her own subjective
belief that she was discriminated against is insufficient. See Herbert v. City of Forest Hill, 189
S.W.3d 369, 375 (Tex.App.--Fort Worth 2006, no pet.). Thus, the trial court did not err in
granting summary judgment as to Acosta’s national origin claim.
Age Discrimination
            It has been stated that a prima facie case of age discrimination requires proof that the
plaintiff (1) was within the protected class of individuals aged forty or older, (2) was discharged,
(3) was qualified for the position from which she was discharged, and (4) “was either replaced by
someone outside the protected class, replaced by someone younger, or was otherwise discharged
because of her age.” Russo, 93 S.W.3d at 435; see also Tex.Lab.Code Ann. § 21.101 (West
2006)(limiting age discrimination claims to individuals who are at least 40 years old). But see
O’Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312, 116 S.Ct. 1307, 1310, 134
L.Ed.2d 433 (1996)(“[T]he fact that [a federal age discrimination] plaintiff was replaced by
someone outside the protected class is not a proper element of the McDonnell Douglas prima
facie case.”).
            In its motion for summary judgment, GECU argued that Acosta could not satisfy the
fourth requirement. Regarding the first method of proving that requirement, GECU pointed out
that Acosta’s replacement was 47 years old, and was thus within the protected class. Regarding
the second method, GECU asserted that although the replacement was younger than Acosta, he
was not substantially younger. GECU asserted that the third method of proving the fourth
requirement (otherwise discharged because of her age) only applies if the plaintiff was not
replaced. See Bauer v. Albemarle Corp., 169 F.3d 962, 966 (5th Cir. 1999). But see Mission
Consol. Indep. Sch. Dist. v. Garcia, 314 S.W.3d 548, 556 (Tex.App.--Corpus Christi 2010, pet.
granted)(“Garcia could establish the fourth element of a prima facie age discrimination claim by
showing that she was terminated because of her age, regardless of whether she was replaced by
someone younger.”).
            In her summary judgment response and on appeal, Acosta has not disputed GECU’s claim
that the third method only applies if the plaintiff was not replaced. She argues instead that this is
a “job elimination case” rather than a “replacement case” because there is no evidence that she
was going to be replaced before her violation of the member confidentiality policy. Acosta does
not cite any authority distinguishing between the two types of cases on this basis, nor does she
offer any reason for making this distinction.
            Regardless of which of the three possible methods of proof applies in this case, Acosta
has not satisfied any of them.


 Within a few weeks of her termination, Acosta was replaced by a
person within the protected class who was only four years younger. The Supreme Court has
stated that an inference of discrimination “cannot be drawn from the replacement of one worker
with another worker insignificantly younger.” O’Connor, 517 U.S. at 312-13, 116 S.Ct. at 1310. 
A four-year age difference is insignificant. See Richter v. Hook-SupeRx, Inc., 142 F.3d 1024,
1028-29 (7th Cir. 1998)(holding that seven-year difference, from 52 to 45 years old, was
insufficient to establish fourth requirement of prima facie case); Hartis v. Mason & Hanger
Corp., 7 S.W.3d 700, 705 (Tex.App.--Amarillo 1999, no pet.)(holding that three-year difference,
from 49 to 46 years old, was insufficient to establish fourth requirement of prima facie case); see
also Grosjean v. First Energy Corp., 349 F.3d 332, 338 (6th Cir. 2003)(“The overwhelming
body of cases in most circuits has held that age differences of less than ten years are not
significant enough to make out the fourth part of the age discrimination prima facie case.”).
            Assuming that Acosta could satisfy the fourth requirement with evidence that she was
“otherwise discharged because of her age,” Acosta has provided no such evidence. There is
absolutely no evidence of any age-related discriminatory conduct or comments at GECU. 
Although Acosta points to the affidavits stating that a vice-president violated the member
confidentiality policy without being disciplined, the affidavits do not reveal his age. Similarly,
the record does not reveal Rivera’s age. Even if we could conclude that Acosta somehow
established a prima facie case, she faces the same failure of proof in rebutting GECU’s claim that
she was fired for violating the member confidentiality policy. Because Acosta failed to present
any evidence to satisfy the fourth requirement of her prima facie case of age discrimination or
any evidence to show that GECU’s legitimate, non-discriminatory reason for firing her was
pretextual, the trial court did not err in granting summary judgment on this claim.
Conclusion
            Acosta’s sole issue on appeal is overruled, and the judgment of the trial court is affirmed.


November 2, 2011
CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.